46 F.3d 1129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Clifford SIMMS, Defendant-Appellant.
 No. 93-5874.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 20, 1994.
Decided: Jan. 19, 1995.
 
 Thomas E. Wray, Roanoke, VA, for Appellant. Thomas Jack Bondurant, Jr., Assistant United States Attorney, Roanoke, VA, for Appellee.
 Before HALL, WILKINS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John C. Simms appeals his convictions for violation of 18 U.S.C. Sec. 1001 (1988), false statement to a probation officer, and 18 U.S.C. Sec. 1503 (1988), obstruction of justice. Simms's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that there was insufficient evidence to convict Simms, but contending that there are no meritorious issues for appeal. Simms did not file a supplemental brief despite being informed of his right to do so.
 
 
 2
 The standard of review for a claim of insufficient evidence is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). The evidence revealed that Simms was convicted in a separate federal trial on unrelated charges. After that trial, Simms met with a probation officer who was preparing a presentence report; in that process, Simms was required to fill out a personal financial statement. In an addendum to this statement, Simms stated that he sold land for $117,000 to Shady Burdette. When the probation officer asked Simms about the proceeds of the sale to Burdette, Simms responded that he used the money to pay attorneys' fees. Burdette, however, testified that he bought the land from Simms for $50,000 down, the rest secured by a note payable to Simms in the amount of $10,900 a year for ten years. The presentence personal financial statement specifically requested that Simms list all sources of income. Simms did not list the money he was getting from Burdette.
 
 
 3
 Based on evidence offered at trial that Simms lied to the probation officer about the distribution of the proceeds of the land sale, Simms was convicted of giving a false statement to a probation officer in violation of 18 U.S.C. Sec. 1001. Based on the evidence that Simms intentionally failed to list the Burdette note as income, Simms was convicted of obstruction of justice in violation of 18 U.S.C. Sec. 1503. Both convictions were supported by sufficient evidence when the record is construed in the light most favorable to the Government.
 
 
 4
 Accordingly, we affirm Simms's conviction and sentence. As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.